UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **STERLING SUFFOLK RACECOURSE, LLC,** | ) | Civil No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **DAVRIC MAINE CORPORATION**, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## INTRODUCTION

1. This is an action arising out of a series of Racing Industry Uniform Simulcast Wagering Agreements by and between the Plaintiff and the Defendant for (1) breach of contract, (2) unjust enrichment, and (3) quantum meruit.

## PARTIES

2. Plaintiff Sterling Suffolk Raceway, LLC d/b/a Suffolk Downs ("Plaintiff" or "Suffolk Downs") is a Massachusetts limited liability company with a principal place of business at office at 111 Waldemar Avenue, East Boston, Massachusetts 02128.

3. Defendant Davric Maine Corporation d/b/a Scarborough Downs ("Defendant" or "Scarborough Downs") is a Maine business corporation with a principal place of business at 90 Payne Road, Scarborough, Maine 04074.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 USC § 1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Venue is proper under 28 USC § 1391 in that the Defendant's principal place of business is in this District.

## FACTUAL ALLEGATIONS

5. Defendant Scarborough Downs owns and operates a horse racing track and pari-mutuel wagering facility in Scarborough Maine.

6. Plaintive Suffolk Downs owns and operates a horse racing track and pari-mutuel wagering facility in East Boston, Massachusetts.

7. On or about May 1, 2012, Suffolk Downs and Scarborough Downs entered into a *Racing Industry Uniform Simulcast Wagering Agreement, Version 002* contract ("2012 Contract"), a copy of which is appended hereto as Exhibit A and incorporated herein by reference.

8. On or about February 28, 2013, Suffolk Downs and Scarborough Downs entered into a *Common Pool Wagering Agreement*, a copy of which is appended hereto as Exhibit B and incorporated herein by reference.

9. On or about June 1, 2013, Suffolk Downs and Scarborough Downs entered into one-page agreement (the June 1, 2013 Agreement") stating "I[sic] herby [sic] agree to the same terms & [sic] conditions stated in the last contract between Suffolk Downs (Host) and Scarborough Downs (Guest)," a copy of which is appended hereto as Exhibit C and incorporated herein by reference.

10. On or about May 3, 2014, Suffolk Downs and Scarborough Downs entered into a *Racing Industry Uniform Simulcast Wagering Agreement, Version 002* contract ("2014 Contract"), a copy of which is appended hereto as Exhibit D and incorporated herein by reference.

11. All of the aforementioned contracts and agreements between Suffolk Downs and Scarborough Downs may be referred to hereinafter as the "Contracts."

12. The Contracts obligate Scarborough Downs to compensate Suffolk Downs for sums owed to Suffolk Downs and other race tracks for losing bets made at Scarborough Downs ("Money Room Shifts").

13. Currently Scarborough Downs owes $157,437.79 to Suffolk Downs for Money Room Shifts to other race tracks as a result of losing bets made at Scarborough Downs on races at those other race tracks. Suffolk Downs has paid said $157,437.79 to such other race tracks without reimbursement from Scarborough Downs.

14. Currently Scarborough Downs owes $4,579.77 to Suffolk Downs for Money Room Shifts to Suffolk Downs that result from losing bets made at Scarborough Downs on races at Suffolk Downs.

15. The Contracts obligate Scarborough Downs to compensate Suffolk Downs for commissions on bets made on simulcast races @ 6% of the total of bets ("Commissions").

16. Currently Scarborough Downs owes Suffolk Downs $2,170.81 in Commissions.

17. The Contracts obligate Scarborough Downs to compensate Suffolk Downs for interface fees paid by Suffolk Downs to pari-mutuel totalizator companies ("Interface Fees").

18. Currently Scarborough Downs owes Suffolk Downs $3,185.50 for Interface Fees.

19. The Contracts obligate Scarborough Downs to compensate Suffolk Downs for sending simulcast racing signals to Scarborough Downs at the rate of $4,000.00 per month ("Hub Fees").

20. Currently Scarborough Downs owes Suffolk Downs $12,000.00 for Hub Fees.

21. The total amount currently past due and owed by Scarborough Downs to Suffolk Downs for Money Room Shifts, Commissions, Interface Fees, and Hub Fees is $179,373.87.

22. On or about November 24, 2014, Atty. Bruce S. Barnett, on behalf of Suffolk Downs, sent a demand letter to Martina Mitchell, General Manager of Scarborough Downs, demanding payment in full of the sums owed under the Contracts.

## COUNT I
## Breach of Contract

23. Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 22 as though fully set forth herein.

24. Although Plaintiff has made due demand for payment of the sum of $179,373.87 now due it, Defendant has not paid said amount and is, therefore, in breach of its Contract with Plaintiff.

**25.** The amount presently due from the Defendant to Plaintiff, with all just credit applied, is $179,373.87.

4

## COUNT II
### Unjust Enrichment

26. Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 25 as though fully set forth herein.

27. Plaintiff, at the special request and insistence of the Defendant, with the knowledge and consent of the Defendant, and for the benefit of the Defendant, furnished services and paid monetary obligations on behalf of the Defendant, all of which have inured to the benefit of Defendant.

28. Plaintiff had a reasonable expectation of receiving compensation for its services to and payments on behalf of the Defendant, which had a concurrent intention to compensate Plaintiff for said services and payments.

29. The reasonable value of the services to and payments on behalf of Defendant provided by Plaintiff for which Plaintiff has not received compensation is $179,373.87.

30. Plaintiff has demanded that Defendant pay in full for the value of said services and payments, all of which inured to the benefit of the Defendant, but Defendant has refused to pay for same.

31. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT III
### Quantum Meruit

32. Plaintiff repeats and realleges the allegations contained in Paragraph 1 through and including Paragraph 31 as though fully set forth herein.

33. The reasonable value of the services provided by Plaintiff to the Defendant for which Plaintiff has not received compensation is $179,373.87.

34. Plaintiff has demanded that Defendant pay in full for the value of said services, all of which inured to the benefit of the Defendant, but Defendant has refused to pay for same.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1. for judgment on Count I in favor of Plaintiff and against Defendant for its breach of the Contracts;

2. for judgment on Count II in favor of Plaintiff against Defendant for Defendant's unjust enrichment.

3. For judgment on Count II in favor of Plaintiff for quantum meruit.

4. for all outstanding principal, interest, costs of collection and enforcement, and attorneys fees due under the provisions of the Contracts; and

5. for such other and further relief as the Court deems just and proper.

Attorneys for Plaintiff Sterling Suffolk Racecourse, LLC d/b/a Suffolk Downs:

Date: March 6, 2015              /s/ Jonathan L. Goldberg
                                 Jonathan L. Goldberg, Esq.
                                 Andrew J. Kull, Esq.
                                 Attorneys for Sterling Suffolk Racecourse, LLC

                                 MITTELASEN, LLC
                                 P. O. Box 427
                                 Portland, Maine  04112-0427
                                 (207) 775-3101 voice
                                 (207) 871.0683 fax
                                 jgoldberg@mittelasen.com